■ ELIZA PINN, Respondent, v. CITY OF MOUNT VERNON, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injury sustained by plaintiff as the result of her fall upon a sidewalk alleged to be defective, the defendant City of Mount Vernon appeals from an order of the Supreme Court, Westchester County, made October 8, 1963 upon reargument, which adhered to the original determination denying said defendant's motion for leave to serve an amended answer, so as to withdraw its claimed inadvertent admission that it had prior written notice of the dangerous condition of the sidewalk. Order affirmed, with $10 costs and disbursements (see *Nathan* v. *Long Is. Lighting Co.*, 5 A D 2d 676; *Sarullo* v. *Newstand Realty Corp.*, 2 A D 2d 854). Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH CLARK, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered October 30, 1961 after a jury trial, convicting him of forgery in the third degree and imposing sentence upon him as a second felony offender. Judgment affirmed; and all court records are hereby amended to indicate that defendant was convicted only upon the second count (forgery in the third degree). There appear to be several erroneous entries, in the court records, to the effect that defendant was convicted of the two counts contained in the indictment. While there was no formal dismissal of any count, the Trial Judge indicated, on the record, that it was his intent to dismiss the first count (forgery) which was not proven. Only the second count (uttering a forged instrument) was submitted to the jury which found defendant "guilty as charged." This error did not affect the validity of the judgment (Code Crim. Pro., § 542). The court records should be amended accordingly to show that defendant was convicted only of the second count. Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.